UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUDIE WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-0624-SEB-DKL |
| OFFICER LEVINE, | ) ) ) |
| Defendant. | ) |

**Entry Discussing Cross-Motions for Summary Judgment
and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the plaintiff's motion for summary judgment [dkt. 54] is **denied** and the defendant's cross-motion for summary judgment [dkt. 63] is **granted.**

## I. Background

The plaintiff in this 42 U.S.C. § 1983 civil rights action is Audie Wilson ("Mr. Wilson"), an inmate currently in custody at the New Castle Correctional Facility but who at all relevant times was confined as a pretrial detainee at the Marion County Jail II ("Jail II"). Certain claims were dismissed when the Court screened the complaint in the Entry of May 15, 2013. The sole remaining defendant is Correctional Officer Mara Levine ("Officer Levine"). Mr. Wilson alleges that Officer Levine was deliberately indifferent to his safety by failing to protect him from an assault by another inmate.

The defendant has responded to the plaintiff's motion for summary judgment and also seeks summary judgment. The plaintiff has not responded to the defendant's cross-motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## III. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Mr. Wilson, the following facts are undisputed for purposes of the cross-motions for summary judgment:

On October 15, 2012, Officer Levine was stationed in the recreation area at the Jail II. Mr. Wilson and another inmate William Morris ("Mr. Morris") were among the inmates in the recreation room that day.

The first contact Mr. Wilson ever had with Mr. Morris was on that day when Mr. Morris asked Mr. Wilson if his name was Audie and said "Hey, man, I heard you a ChoMo." Mr. Wilson responded by asking, "What is that? What are you talking about?" Mr. Morris responded by saying "You know, ChoMo. You a child molester." Mr. Morris then said, "Don't worry about it" and walked away.

Mr. Wilson approached Officer Levine and said, "Listen, you need to get me out of here because I'm not about to get killed in here, and I'm not about to get no more time added to it." Officer Levine responded by saying, "No. I'm not getting you out. What's the problem?" Mr. Wilson said, "Well, I don't know what's about to happen, but I'm not about to get jumped in here." Officer Levine said, "Well, I can't get you out of here. You're not going nowhere."

Mr. Wilson then walked away from Officer Levine. Mr. Morris saw that Mr. Wilson had talked to Officer Levine. Mr. Morris was with other offenders. He said, "She can't save you" to which Mr. Wilson responded, "I don't need her to save me." The two offenders then engaged in more conversation and Mr. Morris made gestures with his fist jumping toward Mr. Wilson, and Mr. Wilson jumped back two or three times. Mr. Morris and the other offenders laughed and walked off again.

Mr. Wilson went back to Officer Levine and told her "You need to get me out of here." Officer Levine said "No. It's count time. You're not going anywhere." Mr. Wilson replied, "You don't see them keep on trying to jump me?" Officer Levine said, "They're not going to do nothing to you." Mr. Wilson responded, "Yes they are."

Another offender then drew Officer Levine's attention in conversation, and Mr. Morris came up from behind Mr. Wilson and attempted to strike him. Mr. Wilson ducked and moved back and Mr. Morris missed him. Officer Levine then ordered them to "back up, back up."

Officer Levine immediately called on the radio for assistance, consistent with the policy and practice at Jail II, and then unlocked the door to the recreation area. Upon the unlocking of the door, Mr. Wilson and Mr. Morris both ran into the hallway outside of the recreation area. At that point other correctional officers arrived on the scene and witnessed both offenders fighting in the hallway. After repeated directives to stop fighting and submit to restraints, the offenders

stopped. They were separated and then escorted to the segregation area. Both offenders were charged with disciplinary violations.

**B. Analysis**

Mr. Wilson argues in his motion for summary judgment that Officer Levine showed negligence when she ignored his two pleas to be removed from the recreation area.[1] Negligence, however, is not sufficient to establish liability under § 1983. *Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005).

Because Mr. Wilson was a pretrial detainee at the time of the incidents alleged in his complaint, his claim arises under the Fourteenth Amendment's Due Process Clause, but the same standards as an Eighth Amendment claim apply. *Smith v. Sangamon County Sheriff's Dept.,* 715 F.3d 188, 191 (7th Cir. 2013). Both the Eighth and Fourteenth Amendments "impose upon prison officials a duty to protect inmates from violent assaults at the hands of fellow prisoners." *Id.* (internal quotation omitted). This duty is "violated only by deliberate indifference to a known substantial risk." *Id.* "A finding of deliberate indifference requires a showing that the [defendant] was aware of a substantial risk of serious injury to [the plaintiff] but nevertheless failed to take appropriate steps to protect him from a known danger." *Id.* (internal quotation omitted). "[J]ail officials are not…required to guarantee the detainee's safety. The existence or possibility of other better policies which might have been used does not necessarily mean that the defendant was being deliberately indifferent." *Id.* (internal quotation omitted).

---

[1] In his motion for summary judgment, Mr. Wilson also seeks judgment in his favor on his due process claim relating to the grievance process. This claim, however, was dismissed when the Court screened the complaint in the Entry of May 15, 2013 (dkt. 8). Therefore, no further discussion of this claim is warranted.

The dispositive question here is whether Mr. Wilson gave Officer Levine actual notice of a specific risk of serious harm which the officer then ignored. *See Butera v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002); *Lewis v. Richards,* 107 F.3d 549, 553 (7th Cir. 1997). When Mr. Wilson first approached Officer Levine, he did not identify any specific threat. When Officer Levine asked him what the problem was, Mr. Wilson responded that he did not know. Officer Levine was not notified of any threat by any specific offender because no such threat had been made. In fact, at that point offender Morris had said "don't worry about it" and walked away. Mr. Wilson's initial vague report was not specific enough to put Officer Levine on notice of any impending harm.

When Mr. Wilson next talked to Officer Levine, he asked her to get him out of there. When Officer Levine told him it was count time and he could not leave, Mr. Wilson said, "You don't see them keep on trying to jump me?" Officer Levine told him that they would not be doing anything to him. It was then that offender Morris came up from behind Mr. Wilson and tried to hit him. Mr. Wilson ducked and backed away avoiding any injury. At that moment, Officer Levine ordered them to back up and immediately called for help from other officers. There is no evidence of any exchange of blows that occurred in Officer Levine's presence. When Officer Levine unlocked the door to the recreation area, the two offenders ran away from her and began fighting in the hallway.

There was no history of any problem between Mr. Wilson and the other offender. In fact, they had no contact before Mr. Morris' comment about Mr. Wilson being a child molester. At the time Mr. Wilson approached Officer Levine the second time, when she saw offender Morris swing at Mr. Wilson, she took proper action and, in fact, told the offenders to back up and

thereby prevented Mr. Morris from hitting Mr. Wilson. It was not until both offenders ran away from Officer Levine that there was an actual physical altercation.

Under these circumstances, no reasonable jury could find that Officer Levine was aware of a substantial risk of serious injury and failed to take reasonable steps to protect Mr. Wilson. Defendant Officer Levine is entitled to summary judgment as to the claim of deliberate indifference asserted against her.

### IV. Conclusion

Mr. Wilson has not shown that he is entitled to judgment as a matter of law. In addition, he has not identified a genuine issue of material fact as to his claim that defendant Officer Levine was deliberately indifferent to his safety. Therefore, Mr. Wilson's motion for summary judgment [dkt. 54] must be **denied** and Officer Levine's cross-motion for summary judgment [dkt. 63] is **granted**. Judgment consistent with this Entry and with the Entry of May 15, 2013, shall now issue.

**IT IS SO ORDERED.**

Date: ___12/10/2014___

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Audie Wilson, #230510, New Castle Correctional Facility, Inmate Mail/Parcels, 1000 Van Nuys Rd., P. O. Box A, New Castle, IN  47362

Electronically registered counsel